ATKINS, (STATE OF GEORGIA v.) See Case No. 5,350.

---

## Case No. 605.

### ATKINS v. STEACY.

[5 Dill. 381, note.][1]

### Circuit Court, E. D. Arkansas. 1879.

STOCKHOLDER'S BILL TO IMPEACH JUDGMENT AGAINST THE CORPORATION.

A bill by a stockholder to impeach a judgment against the corporation, under the circumstances, dismissed, but without prejudice.

In equity. The plaintiff [Elisha Atkins] in this suit, in behalf of himself and all other stockholders of the Little Rock and Fort Smith Railroad Company [against John G. Steacy, surviving partner of Peirce, Steacy & Yorston, and others,] prays that the defendant, Steacy, may be enjoined from proceeding further against the plaintiff and said railroad company, and all the stockholders thereof, in a suit which he, as surviving partner of the firm of Peirce, Steacy & Yorston, has instituted in this court against the plaintiff and certain alleged stockholders, to collect from them the amount of a judgment for $1,041,181.70, which judgment the said Steacy, as such surviving partner, recovered against said company by default on the 8th day of December, 1875, in the circuit court of Pulaski county. The plaintiff also prays that the said defendant may be enjoined from otherwise seeking and endeavoring to enforce the collection and satisfaction of said judgment against the plaintiff and said company and all the stockholders thereof. Then follows a prayer for general relief. The equities set forth in the bill were denied in the answers, and, a replication having been filed, voluminous proofs were taken. The cause is before the court on final hearing, and was submitted and argued with that of Steacy and Hurley v. Atkins, impleaded with

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

the Little Rock and Fort Smith Railroad Company, et als., [Case No. 13,329.]

C. W. Huntington, for plaintiff.
W. H. Winfield, B. F. Rice. and M. L. Rice, for defendants.

Before DILLON, Circuit Judge, and CALDWELL, District Judge.

DILLON, Circuit Judge. The judgment which the bill seeks to impeach was rendered in the state court. The judgment creditor made that judgment the basis, in part, of an original creditor's bill in equity in this court to enforce against the complainant, Atkins, and other stockholders in the Little Rock and Fort Smith Railroad Company, an alleged individual and corporate liability as stockholders. We have held, in that case, that the stockholders were under no individual or double liability, and that, as Atkins was a bona fide transferee for value of full-paid stock, he was under no liability, of any kind, to the plaintiffs or other creditors of the company in respect thereto. Accordingly, a decree has been ordered dismissing the bill as to him. No other stockholder has joined him in the present suit to impeach the judgment of Steacy for $1,041,181.70 rendered by the state court. This bill of Atkins is, in its nature, supplementary or ancillary to the creditors' suit against him as a stockholder. Since it has been determined that he is in no way liable to the creditors of the company in his capacity as a stockholder, he has no interest in the result of the creditors' suit against other stockholders.

The judgment in question, it is to be remembered, was not rendered in this court, but in the state court. The learned counsel for Mr. Atkins admitted, in the argument, that an original bill would not lie in this court by Mr. Atkins to impeach the judgment recovered in the state court, and that the basis of Mr. Atkins' present bill was that, since the judgment in the state court was being proceeded upon in this court as the basis, in part, of a creditors' bill, this gave to this court the right to prevent any inequitable or fraudulent use being made of it to his injury. Since no such injury can, under our decree in the other case, occur, and since no other stockholder has united with Mr. Atkins in seeking to impeach that judgment, a decree will be here entered (without deciding whether that judgment is wholly invalid or is excessive in the amount recovered) dismissing the plaintiff's bill, without prejudice to the right to bring another suit if occasion should arise, and without prejudice, also, to other stockholders in this regard.

Bill dismissed.

CALDWELL, District Judge, concurs.

[NOTE. This case was originally published as a note to Steacy v. Little Rock & Ft. S. R. Co., Case No. 13,329.]

ATKINS, (UNITED STATES v.) See Case No. 14,474.